UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ADAM J. BALDWIN, #442878**

      Petitioner,

                                                 Case No: 08-CV-11323
                                                 Honorable Nancy G. Edmunds
                                                 Magistrate Judge Steven D. Pepe

v.

**LINDA METRISH,**

      Respondent.
_____/

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

Petitioner, Adam J. Baldwin, is a state inmate currently incarcerated at the Hiawatha Correctional Facility, in Kincheloe, Michigan. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons stated below, the court will summarily dismiss the Petition with prejudice for failing to state a claim upon which relief can be granted.

**I. Background**

Petitioner pled guilty in Hillsdale County Circuit Court to possession of ecstasy with a drug supplemental 2nd. On May 30, 2006, he was sentenced to 3 years 10 months to 20 years' imprisonment. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied relief . *People v. Baldwin,* No. 275109 (Mich. App. Feb. 22, 2007). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied his application. *People v. Baldwin,* 480 Mich. 901; 739 N.W.2d 85 (2007) (Table) (October 3, 2007). Petitioner subsequently filed the pending petition for

writ of habeas corpus, presenting the claim of whether the trial court abused its discretion when it departed from the minimum sentencing guideline range.

## II. Standard of Review

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, then the Court shall summarily dismiss the petition. *McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition presently before the Court does not present grounds which may establish the violation of a federal constitutional right. Therefore, the petition will be denied.

### B.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d). Therefore, the federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429 (6th Cir. 1998).

Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1); see also *Cremens v. Chapleau,* 62 F.3d 167, 169 (6th Cir. 1995)("We give complete deference to state court findings unless they are clearly erroneous").

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law objectively unreasonable." *Id.* at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III. Discussion

### A. Sentencing Guidelines

*1. Upward Departure from Minimum Guidelines*

Petitioner first claims that the trial court erred by departing from the sentencing guidelines. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. See, *Lucey v. Lavigne,* 185 F.Supp.2d 741, 745 (E.D. Mich. 2001).

To the extent that Petitioner claims that the trial court erred in departing above the minimum sentencing guideline range under state law, it is not cognizable on federal habeas review. See *McPhail v. Renico,* 412 F.Supp.2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall,* 157 F.Supp.2d 802, 803 (E.D. Mich. 2001). It is well-established that "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). Any error in departing above the guideline range does not merit federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987). While Mich. Comp. Laws §333.7403(2)(b)(i) states that a violation under that statute is punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00, Mich. Comp. Laws §333.7413(2) states that "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both." See Mich. Comp. Law §§333.7403(2)(b)(i); 333.7413(2). Therefore, Petitioner's sentence of 3 years 10 months to 20 years' imprisonment may exceed the minimum guidelines range, but is within the statutory maximum of 20 years. Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this claim.

## 2. Scoring Offense Variables

Petitioner asserts that the trial court erred in scoring offense variable (OV) 14. He further claims that the court improperly relied upon an "inaccurate interpretation of the legislative sentencing guideline scoring" when deciding to double the statutory minimum sentence in its imposition of punishment in this case. (Pet. at 6). To the extent that Petitioner challenges the scoring of his offense variable under state law, he is not entitled to relief. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). As previously stated, "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975); see also *Thomas v. Foltz,* 654 F.Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court doubled his sentence due to its alleged inaccurate interpretation of the legislative sentencing guideline scoring. See *Blakely v. Washington,* 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). Petitioner has not demonstrated that his sentencing guideline score was improperly calculated or based upon inaccurate information. Simply because a petitioner disagrees with the trial court's ruling does not mean that the state court erred. And even if the state court did miscalculate the

5

guidelines, Petitioner is not entitled to relief from this Court. See *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001) ("Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice.")(internal citation omitted). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Petitioner has not demonstrate any such injury.

In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Michigan has an indeterminate sentencing system for most crimes, including drug offenses. The maximum term of imprisonment is set by law. Mich. Comp. Laws §§333.7403(2)(b)(i); 333.7413(2); see also *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W.2d 778 (2006) (the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely;* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum). In *Blakely,* the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to lesser sentence-and that makes all the difference insofar

> as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 years to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Blakely v. Washington,* 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi v. New Jersey,* 530 U.S. at 490. As previously stated, in this case the statutory maximum for possession of ecstasy with a drug supplemental 2nd is 20 years. Mich. Comp. Laws §§333.7403(2)(b)(i); 333.7413(2). The sentencing court did not impose a sentence beyond the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing did not violate Petitioner's constitutional rights. See *Minner v. Vasbinder,* 2007 WL 1469419, *4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler,* 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh,* 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt,* 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee,* 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is **DENIED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 25, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager